Opinion
WOODS, J.
Defendant[1] and appellant Pondoff Realty, Inc., appeals the judgment awarding plaintiff and respondent a 6 percent service fee based on the escrow fees collected by defendants. We affirm.
*Supp. 13 Statement of the Case
Appellant is a California corporation licensed to act as a real estate broker. Defendant, Nick Pondoff, is the sole stockholder and principal operating officer of Pondoff Realty, Inc. Nick Pondoff was engaged as a real estate broker for Pondoff Realty, Inc. Respondent, Century 21 Region V., Inc. (Century 21 or respondent herein), is a California corporation engaged in franchising real estate brokerage offices throughout California.
Respondent and appellant corporation entered into a franchise agreement under which appellant operated a real estate brokerage office in Santa Fe Springs, California. The franchise agreement consisted of a printed form prepared by respondent, and, with a specific exception for income from property management services, provided in pertinent part as follows: “Franchisee [appellant] agrees to pay ... a ‘service fee’ equal to 6 percent of Franchisee’s gross income derived from all transactions for which a real estate license or securities license is required . . . .” (Italics added.)
At the franchise location covered by the agreement, in addition to negotiating real estate sales and purchases for clients, appellant also maintained an escrow department which represented to the public at large that it was operating under a Century 21 franchise. Appellant charged its sellers and buyers separate and distinct fees for escrow services from fees collected on sales commissions.
Appellant was not licensed to act as an escrow agent under the general provisions of Financial Code section 17000 et seq. (the Escrow Law). However, appellant did act as an escrow agent under an exception to the Escrow Law—Financial Code section 17006, subdivision (d).[2]
The terms of the franchise agreement provided that appellant corporation was to maintain certain prescribed records and report to respondent those transactions for which a service fee was payable. During the time of the agreement, appellant failed to report any transactions or income received from the operation of its “escrow” business.
Upon the termination of the franchise agreement, respondent conducted an audit of the books and records of appellant’s franchise. The audit was *Supp. 14 authorized by the franchise agreement. During the audit, respondent discovered that appellant had not paid a service fee for the income derived from escrow services. Respondent demanded payment from appellant, and from defendant, Nick Pondoff. Appellant and defendant Nick Pondoff refused to pay since they did not think that the agreement covered income derived from escrow services. This alleged underpayment was the basis for respondent’s complaint.
The trial court determined that the franchise agreement included an obligation by appellant and defendant Nick Pondoff to pay respondent a 6 percent service fee for income derived from escrow fees. Appellant filed a timely appeal of the judgment.
Discussion
The franchise agreement between appellant corporation and respondent provides that respondent shall be paid “a ‘service fee’ equal to 6 percent of Franchisee’s [appellant’s] gross income derived from all transactions for which a real estate license or securities license is required . . .” (italics added), Appellant contends that, under this agreement, a “service fee” based on payment for escrow services rendered by appellant corporation is not properly chargeable under the franchise agreement since only income derived from transactions which require a real estate license should be included, and a real estate license is not a necessary prerequisite to act as an escrow holder.
Appellant argues that since Civil Code section 1654[3] provides that any uncertainty in interpreting a contract should be interpreted against the party causing the uncertainty, the provision in the franchise agreement for a “service fee” should not be interpreted to include escrow fees. We are not persuaded that there is any uncertainty in the agreement.
Under Financial Code section 17006, subdivision (d), appellant was exempt from the “Escrow Law” because it had a real estate license and was “performing acts in the course of or incidental to a real estate transaction in which the broker is an agent. . . and in which the broker is performing an act for which a real estate license is required.” (Italics added.) Otherwise, appellant would have been required to be licensed as an escrow agent by the *Supp. 15 Commissioner of Corporations in order to perform escrow services. (Fin. Code, § 17200.)[4]
The franchise agreement provides for a “service fee” based on all transactions for which a real estate license is required. Although it could be argued that the agreement is not clear and unambiguous on its face as to just which transactions require a real estate license, read in conjunction with the “Escrow Law,” it is clear that a real estate license was required for appellant to perform escrow services. Looking at the agreement as a whole, it is reasonable to interpret “service fee” to include income derived from escrow fees collected by the appellant corporation. Grubb v. Ranger Ins. Co. (1978) 77 Cal.App.3d 526, 529 [143 Cal.Rptr. 558], follows a lengthy line of decisions which hold that: “Generally, all applicable laws in existence when an agreement is made necessarily enter into the contract and form a part of it, without any stipulation to that effect, as fully as if they were expressly referred to and incorporated in its terms.”
Where no intrinsic evidence has been introduced, the interpretation placed upon the contract by the trial court will be accepted by the reviewing court if such an interpretation is reasonable or if the interpretation is one of two or more reasonable constructions to the contract. (Prickett v. Royal Ins. Co. Ltd. (1961) 56 Cal.2d 234, 237 [14 Cal.Rptr. 675, 363 P.2d 907, 86 A.L.R.2d 711].) The trial court’s interpretation of the franchise agreement was reasonable under the circumstances.
Accordingly, the judgment is affirmed. Respondent to recover costs on appeal.
Newman, Acting P. J., and Roberson, J., concurred.

Although the opening brief was filed by Pondoff Realty, Inc., and Nick Pondoff, the notice of appeal was filed on behalf of Pondoff Realty, Inc. Thus, only Pondoff Realty Inc., perfected its right of appeal.

 Financial Code section 17006 provides in relevant part: “This division does not apply to: • • • [111 (d) Any broker licensed by the Real Estate Commissioner while performing acts in the course of or incidental to a real estate transaction in which the broker is an agent or a party to the transaction and in which the broker is performing an act for which a real estate license is required.”

 Civil Code section 1654 provides as follows: “In cases of uncertainty not removed by the preceding rules, the language of a contract should be interpreted most strongly against the party who caused the uncertainty to exist.”

Financial Code section 17200 provides: “It shall be unlawful for any person to engage in business as an escrow agent within this State except by means of a corporation duly organized for that purpose licensed by the commissioner as an escrow agent.” (Italics added.)